UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LETITIA A. JAMES,<br><br>        Defendant. | Crim. No. 1:25-cr-00122 |

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY
UNITED STATES SENATE DEMOCRATIC LEADER CHARLES SCHUMER AND
UNITED STATES HOUSE DEMOCRATIC LEADER HAKEEM JEFFRIES**

1

Amici United States Senate Democratic Leader Charles Schumer and United States House of Representatives Democratic Leader Hakeem Jeffries ("amici") respectfully move for leave to appear as amici curiae and to file the proposed brief, attached hereto. Counsel for amici contacted counsel for all parties regarding this motion. Defendant consents to the motion. Counsel for amici have not yet been advised of the government's position.

"[A]mici often make useful contributions to litigation," *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013), and courts generally grant leave to file an amicus brief where the brief provides information that is "timely and useful." *FERC v. Powhatan Energy Fund, LLC*, No. 3:15-cv-452, 2017 WL 11682615, at *2 (E.D. Va. Mar. 15, 2017). Although district courts have "broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*," *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007), leave to file an amicus brief is generally appropriate where the brief provides "helpful analysis of the law" or where the amici "have a special interest in the subject matter of the suit." *FERC*, 2017 WL 11682615, at *1 (quoting *id.*); *see also Nat'l Shooting Sports Found., Inc. v. Brown*, No. 25-cv-1115, 2025 WL 1530050, at *1 (D. Md. May 29, 2025) (same); *Perry-Bey v. City of Norfolk, Virginia*, No. 2:08-cv-100, 2008 WL 11348007, at *3 (E.D. Va. Aug. 14, 2008) (granting NAACP leave to file amicus brief where "[t]he NAACP has provided helpful analysis of the law and has a special interest in this litigation").

Amici are Congressional leaders who have dedicated their careers to open and robust debate in the marketplace of political ideas. At all times they have benefited in that endeavor from constitutional principles and democratic norms that have for generations protected political speech from improper retribution.

Amici submit that the indictment of AG James in retribution for actions undertaken in her official capacity as the State's chief law enforcement officer raises grave constitutional concerns about the use of prosecutorial authority to punish political opposition. When the criminal process is deployed as a tool of political retribution, it chills the robust debate the First Amendment guarantees, deters public service, and undermines the public's confidence that law will be administered even-handedly, rather than wielded for partisan ends. Because the prosecution of AG James implicates these core constitutional principles, amici submit this brief to provide the constitutional context—grounded in history, law, and longstanding practice—that bears on the proper exercise of prosecutorial authority in our democratic system.

Amici respectfully request the Court grant them leave to file the attached proposed amicus brief. Amici waive their rights to a hearing and oral argument on the motion pursuant to Local Criminal Rule 47(E).

Respectfully submitted,

November 14, 2025

/s/_____

Lawrence H. Woodward, Jr., Esq.
RULOFF, HADDAD, & WOODWARD, P.C.
317 30th Street
Virginia Beach, Virginia 23451
Telephone: (757) 671-6047
Fax: (757) 671-6004

Carey R. Dunne (*pro hac vice forthcoming*)
FREE AND FAIR LITIGATION GROUP, INC.
266 W. 37th St., 20th Floor
New York, NY 10018
Telephone: (646) 434-8604
carey@freeandfair.org

*Counsel for Amici Curiae*